UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | CASE NO. 16-24304-cmb |
| Theresa Kepple, | ) | |
|         Debtor | ) | CHAPTER 13 |
| | ) | |
| Theresa Kepple, | ) | |
|         Movant | ) | |
| VS. | ) | |
| U.S. Bank, NA & WF 19 Grantor Trust, & | ) | |
| Butler County Tax Claim Bureau and | ) | |
| Ronda J. Winnecour, Trustee, | ) | |
|         Respondents | ) | |

## ORDER OF COURT

**AND NOW** this _____ day of February, 2019**,** on consideration of the Debtor's Motion for Sale of Property Free and Divested of Liens to Michael T. LeGrand of 178 Schnur Road, Butler, PA 16002 (buyers and address) for One Hundred Thirty One Thousand ($131,000.00), after hearing held in Courtroom "B", 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

1. That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

| DATE OF SERVICE | NAME OF LIENOR AND SECURITY |
|---|---|
| 1/14/2019 | U.S. Bank NA<br>Via Ditech Financial<br>PO Box 6154<br>Rapid City, SD 57709-6154 |
| | WF 19 Grantor Trust<br>James Warmbrodt, Esquire<br>Counsel for WF 19 Grantor Trust via ecf |
| | Butler County Tax Claim Bureau<br>PO Box 1208<br>Butler PA 16003 |
| 1/14/2019 | Ronda J. Winnecour, Ch. 13 Trustee |

          3250, U.S. Steel Building
          600 Grant Street
          Pittsburgh, PA 15219 (via ECF)

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That said sale hearing was duly advertised in the Pittsburgh Post Gazette on January 24, 2019 and in the Pittsburgh Legal Journal on January 30, 2019 as shown by the Proofs of Publication duly filed.

4. That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in the cancellation of said sale.

5. That the price of One Hundred Thirty One Thousand ($131,000.00) with a Seller's Assist of Seven Thousand Eight Hundred Sixty ($7,860.00) Dollars offered by Michael T. LeGrand was a full and fair price for the property in question.

6. That the Purchaser has acted in good faith with respect to the within sale in accordance with In Re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Circ., 1986).

**NOW, THEREFORE**, it is hereby ORDERED, ADJUDGED AND DECREED that the sale by Special Warranty Deed of the real property known as 229 Moran Road, (Summit Township), Butler County, Pennsylvania 16002 is hereby CONFIRMED to Michael T. LeGrand, of Butler, Pennsylvania, free and divested of the above recited liens and claims, and that the Movant is authorized to make, execute and deliver to the Purchasers above named the necessary deed and or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

**It is FURTHER ORDERED**, that the above cited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they

may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

**It is FURTHER ORDERED**, that the following expenses/costs shall be immediately paid at the time of closing.  *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, i*ncluding among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens/claims and amounts:

| | |
|---|---|
| U.S. Bank, NA (Ditech) | $payoff provided prior to closing (To be paid in full at closing) |
| WF 19 Grantor Trustee | $payoff provided prior to closing (To be paid in full at closing) |

(2) Delinquent real estate taxes, if any;

(3) Current real estate taxes, pro-rated to the date of closing;

(4) Costs of local newspaper advertising in the amount of $312.00 (this fee is to be reimbursed to Shawn N. Wright, Esq.);

(5) Costs of legal journal advertising in the amount of $206.40 (this fee is to be reimbursed to Shawn N. Wright, Esq.;);

(6) Court-approved realtor commission in the amount of $7,860;

(7) Court-approved attorneys fees to Shawn N. Wright, Esq. in the amount of $750;

(8) Chapter 13 Trustee "percentage" fees in the amount of One Thousand Two Hundred Fifty Two

   ($1,252.00) Dollars, payable to "Ronda J. Winnecour, Chapter 13 Trustee, P.O. Box 2587, Pittsburgh, PA 15230";

(9)  The "net proceeds" of _____ from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to "Ronda Winnecour, Ch. 13 Trustee, P.O. 84051, Chicago, IL 60689-4002"; and,

**IT IS FURTHER ORDERED** that:

(1)  Within seven (7) days of the date of this Order, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2)  The closing shall occur within ninety (90) days of this Order.

(3)  Within seven (7) days following closing, the Movant shall file a Report of Sale which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4)  This Sale Confirmation Order survives any dismissal or conversion of the within case.

            **BY THE COURT:**

            _____
            U.S. BANKRUPTCY JUDGE