UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | CASE NO. 16-24304-cmb |
| Theresa Kepple, | ) | |
|        Debtor | ) | CHAPTER 13 |
| | ) | |
| Theresa Kepple, | ) | |
|        Movants | ) | |
| VS. | ) | |
| U.S. Bank, NA & WF 19 Grantor Trust, & | ) | |
| Butler County Tax Claim Bureau and | ) | |
| Ronda J. Winnecour, Trustee, | ) | |
|        Respondents | ) | |

## <u>ORDER OF COURT</u>

**AND NOW** this _____ day of _____, 2020**,** on consideration of the Debtor's
Motion for Sale of Property Free and Divested of Liens to Hunter Morgan and Ruby Morgan
of Saxonburg, PA 16056 (buyers and address)  for One Hundred Twenty Nine Thousand
($129,000.00), after hearing held telephonically from Courtroom "B", 54th Floor, U.S. Steel
Building, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

1. That service of the Notice of Hearing and Order setting hearing on said
   Motion for private sale of real property free and divested of liens of the
   above named Respondents, was effected on the following secured creditors
   whose liens are recited in said Motion for private sale, viz:

   | DATE OF SERVICE | NAME OF LIENOR AND SECURITY |
   |---|---|
   | 6/12/2020 | New Rez to Joshua Goodman, Esquire Via ECF |
   | 6/12/2020 | WF 19 Grantor Bank to James Warmbrodt, Esq. (via ECF) |
   | 6/12/2020 | Butler County Tax Claim Bureau |
   | 6/12/2020 | Ronda J. Winnecour, Ch. 13 Trustee (via ECF) |

2.    That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3.    That said sale hearing was duly advertised in the Butler Eagle on July 2, 2020 and in the Pittsburgh Legal Journal on July 5, 2020 as shown by the Proofs of Publication duly filed.

4.    That at the sale hearing the highest/best offer received was that of the above Purchasers and no objections to the sale were made which would result in the cancellation of said sale.

5.    That the price of One Hundred Twenty Nine Thousand ($129,000.00) offered by Hunter Morgan and Ruby Morgan was a full and fair price for the property in question.

6.    That the Purchasers have acted in good faith with respect to the within sale.

**NOW, THEREFORE**, it is hereby ORDERED, ADJUDGED AND DECREED that the sale by Special Warranty Deed of the real property known as 229 Moran Road, (Summit Township), Butler County, Pennsylvania 16002 is hereby CONFIRMED to Hunter Morgan and Ruby Morgan, of Saxonburg, Pennsylvania, free and divested of the above recited liens and claims, and that the Movant is authorized to make, execute and deliver to the Purchasers above named the necessary deed and or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

**It is FURTHER ORDERED**, that the above cited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

**It is FURTHER ORDERED**, that the following expenses/costs shall be immediately paid at the time of closing.  *Failure of the Closing Agent to*

*timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions,* including among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1)                          The following liens/claims and amounts to be paid in full at closing:

U.S. Bank, NA (Ditech)          $payoff provided prior to closing

WF 19 Grantor Trustee          $payoff provided prior to closing


(2) Delinquent real estate taxes, if any;

(3)                          Current real estate taxes, pro-rated to the date of closing;

(4)                          Costs of local newspaper advertising in the amount of $125 (in addition to prior local advertising costs of $427 prior two prior sales) for total of $552 (this fee is to be reimbursed to Shawn N. Wright, Esq.);

(5)                          Costs of Bankruptcy Court Sale Motion Court Filing Fees ($181 for this sale plus 2 additional sales for total of $543) (fee to be reimbursed to Shawn Wright;

(6)                          Costs of Pittsburgh Legal Journal advertising in the amount of $243.80 (plus prior legal advertising costs of $428.25) for a total of $672.05; (this fee is to be reimbursed to Shawn N. Wright, Esq.;);

(7)                          Court-approved attorneys fees of $750 to Shawn N. Wright, Esq., plus attorney fees from 2 prior sales of of $1,500 for total of $2,250;

(8)                          Chapter 13 Trustee "percentage" fees in the amount of $2,514.38, payable to "Ronda J. Winnecour, Chapter 13 Trustee, P.O. Box 2587, Pittsburgh, PA 15230";

(9)                              The "net proceeds" of
_____ from the closing as identified on
the HUD- to the Chapter 13 Trustee payable to "Ronda
Winnecour, Ch. 13 Trustee, P.O. 84051, Chicago, IL 60689-
4002"; and,


IT IS FURTHER ORDERED that:

(1)                              Within seven (7) days of the date of this
Order, the Movant shall serve a copy of the within Order on each
Respondent (i.e., each party against whom relief is sought) and its
attorney of record, if any, upon any attorney or party who answered
the motion or appeared at the hearing, the attorney for the debtor, the
Closing Agent, the Purchaser, and the attorney for the Purchaser, if
any, and file a certificate of service.

(2)                              The closing shall occur within thirty (30)
days of this Order.

(3)                              Within seven (7) days following closing,
the Movant shall file a Report of Sale which shall include a copy of
the HUD-1 or other Settlement Statement; and,

(4)                              This Sale Confirmation Order survives
any dismissal or conversion of the within case.

**BY THE COURT:**


_____
U.S. BANKRUPTCY JUDGE